No. 16-3046

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

U.S.C.A. - 7th Circuit
RECEIVED

NOV 14 2016   #5

UNITED STATES OF AMERICA,
    RESPONDENT(S)-APPELLEES,

GINO J. AGNELLO
CLERK

V.

NICHOLAS CEJA,
    MOVANT—APPELLANT.

Appeal from the United States District Court
For the Southern District of Indiana
Terre Haute Division

Case No: 2:11-cr-00037-JMS-CMM-2
Civil Action No: 2:15-cv-00229-JMS
The Honorable Judge Jane Magnus-Stinson

APPLICATION FOR CERTIFICATE OF APPEALABILITY

Nicholas Ceja
Reg. No. 10060-028
FCI Oakdale II
P.O. Box 5010
Oakdale, LA 71463

1

I.

## DISTRICT COURT JURISDICTION

The United States District Court for the Southern District Indiana-Terre Haute Division.

("District Court") has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) whether or not the Movant-Appellant was denied Effective Assistance of Counsel in violation of the provisions of the Constitutional rights.

On 7/28/2015 Movant-Appellant filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody raising issues of Ineffective Assistance of Counsel.

II.

### APPELLATE COURT JURISDICTION

28 U.S.C. § 1291 and 28 U.S.C. § 1294 confer jurisdiction over this appeal on the United States Court of Appeals for the Seventh Circuit. The final Judgment was entered by the District Court on 05/24/2016 the District Court denied the Motion.

The District Court also denied issuance Certificate of Appealability.
On 7/27/16, Movant filed Motion to Proceed in forma pauperis which was re docketed as a Notice of Appeal. (Docket entry 21).

III.

## THIS IS AN APPEAL OF AN IMMEDIATELY APPEALABLE FINAL JUDGMENT

As noted above, a final appealable judgment was entered by the District Court on 05/24/2016. This is a civil appeal as a matter of right pursuant to Federal Rule of Appellate Procedure 3(a) and Circuit Rule 3(a).

The standard for determining when a CERTIFICATE OF APPEALABILITY is warranted was recently explained by the Supreme Court in Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). As the court noted:

*"[O]ur opinion in Slack held that COA does not require a showing that the Appeal will succeed. Accordingly, a court of Appeals should not decline the application for COA merely because it believes the Applicant will not demonstrate an entitlement to relief".*

The holding in Slack would mean very little appellate review was denied because prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner has already failed in that certain issues.

"Internal citation omitted."*While a prisoner seeking COA must prove "something more than the absence of frivolity" or the existence" of mere 'good faith' on his part. Internal citation omitted. We do require the prisoner to prove, before the issuance of COA, that some jurists would grant the petition for habeas corpus. Indeed a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration that Petitioner will not prevail."* Internal citations Omitted.

## VI.

### STATEMENT OF THE CASE

This is a direct appeal of a final judgment of the district court entered on January 6, 2016, from Nicholas Ceja's motion under Title 28 U.S.C. Section 2255, in which Ceja sought relief from conviction of violations of 21 U.S.C. §§ 841(a)(1) and 846 Conspiracy to Possess with Intent to Distribute and to Distribute 500 Grams or More of Methamphetamine, Mixture and 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute and Distribution of 50 Grams or More of Methamphetamine, Mixture and violation of 18 U.S.C. §924(c)(1)(A) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, And sentence of sentence of 120 months of imprisonment to be followed by, consecutive five years for weapon possession.

## VII.
### PROCEDURAL HISTORY

An indictment returned in April 2011 charged 13 individuals with conspiring to distribute and possess with intent to distribute methamphetamine. This included defendants from Terre Haute,

Indianapolis, Mishawaka, Crown Point, and Brazil, Indiana. Nicholas Ceja was one of two defendants to go to trial in this matter, and the other 11 coconspirators have all been convicted for their roles in the operation.

.

On December 17, 2012, the Court held a sentencing hearing. The Court sentenced Mr. Ceja to a total prison term of 180 months. He was sentenced to concurrent prison terms of 120 months imprisonment on Count 1 and 60 months imprisonment on Count 4, and a consecutive 60 months imprisonment on Count 5, to be followed by five years of supervised release. Mr. Ceja was also assessed the mandatory assessment of $300. Judgment of conviction was entered on December 19, 2012.

Mr. Ceja filed a notice of appeal on December 26, 2012. On August 1, 2014, the Seventh Circuit affirmed his conviction. *United States v. Cejas*, 761 F.3d 717 (7th Cir. 2014). The Seventh Circuit held that 1) the government established a proper foundation to authenticate the video; 2) the fact that the video had a tendency to intermittently skip did not require its exclusion; 3) the probative value of the video showing defendants outside witness' residence substantially outweighed the danger of unfair prejudice or confusing the jury; 4) evidence was sufficient to support defendant's conviction of conspiracy to possess and distribute drugs; 5) evidence was sufficient to support defendant's conviction of possession of a firearm in furtherance of a drug crime; and 6) evidence was sufficient to support defendant's conviction of aiding and abetting possession with intent to distribute and distribution of methamphetamine. *Id.*

On October 20, 2014, the Seventh Circuit denied Mr. Ceja's motion for rehearing and suggestion for rehearing en banc. On January 1, 2015, Mr. Ceja filed a motion to reduce sentence pursuant to amendment 782. That motion was denied because Mr. Ceja was sentenced to the statutory mandatory minimum term of imprisonment.

Represented by Counsel throughout the trial and Appeal, and Affirmed on Appeal Ceja subsequently filed a 2255 Motion (2:15-cv-00229-JMS) raising claims that he was not represented adequately by Counsel. Of the various claims, he raises the issue of the Possession of the gun to the Court of Appeals requesting Certificate of Appealability.

Petitioner respectfully asserts that he raises factual issues and legal claims of a Constitutional magnitude and that she has demonstrated that her petition involves issues which are debatable among jurists of reason, and that another court could resolve the issues differently, or that the issues are adequate to deserve encouragement to proceed further." 537 U.S. 330.

5

## VII.

### STATEMENT OF THE ISSUES

Ceja submits that Counsel failed to mitigate on his behalf by not arguing for a two point under 2D1.1(b), the drug trafficking guideline, two offense levels are added if a firearm was possessed during a drug trafficking offense. These levels are added if a firearm was present unless it is clearly improbable the weapon was connected with the offense. Instead Ceja recieved a mandatory and consecutive 60-month sentence under 924c (1) (A)(1). The weapon in question was present, not brandished, unloaded and located in a tool box, not on the person or well within reach of the Movant who was driving his truck.

## VIII.

### ARGUMENT AND AUTHORITY

2D1.1(b), the drug trafficking guideline, two offense levels are added if a firearm was possessed during a drug trafficking offense. These levels are added if a firearm was present unless it is clearly improbable the weapon was connected with the offense. Movant submits that the enhancement would have been more appropriate given the circumstances.

Section 2D1.1(b)(1) applies where the defendant possesses a firearm in connection with unlawful drug activities. Possession can be actual or constructive, and means the defendant has control or dominion over the firearm. Presence, not use, is the determining factor.

### CONCLUSION

It is respectfully submitted that Petitioner NICHOLAS CEJA has demonstrated a substantial showing of Constitutional violations by the cumulative errors of the court as well as those of defense counsel. Since this court has already thoroughly reviewed the record and many of the arguments made in support of each of these six claims for relief, petitioner will not rehash these issues here.

For the foregoing reasons, Petitioner asserts that CERTIFICATE OF APPEALABILITY should be issued.

IV.    .

### INTRODUCTION AND STANDARD OF REVIEW.

To obtain a COA, habeas petitioner must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253. This statutory language appears to codify the standard which the Supreme Court stated <u>Barefoot v. Estelle</u>, 463 U.S. 890, 893 (1983), in which the Supreme Court stated that to in order to obtain a CPC1 a habeas petitioner must present a "substantial showing of the denial of a federal right." The Supreme Court in Barefoot further elaborated on the standard for issuance of a certificate in the following language:

> *"In requiring a "question of some substance," or a "substantial showing of the denial of a federal right," obviously the petitioner need not show she should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Id. at n.4 (citations omitted). Doubts about whether to issue a COA should be resolved in favor of the appellant. <u>Fuller v. Johnson</u>, 114 F.3d 491, 495 (5th Cir. 1997); see <u>Buxton v. Collins</u>, 925 F.2d 816, 819 (5th Cir.), cert. denied, 498 U.S. 1128 (1991)".*

V.

### CONSTITUTIONAL ISSUES WORTHY OF APPELLATE REVIEW.

Outlined below are the constitutional issues which appellant wishes to brief on appeal before the Seventh Circuit:

> A. WHETHER THE COURT ERRED IN DENYING THE MOTION UNDER 2255 MOTION WITHOUT EVIDENTIARY HEARING;
>
> B. WHETHER THE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE CONSTITUTION;
>
> C. WHETHER OR NOT THE FIVE YEAR CONSECUTIVE SENTENCE IMPOSED BY THE COURT UNDER SHOULF HVE BEEN A TWO POINT ENHANCEMENT UNDER 2D1.1

Respectfully Submitted,

This /16th day of November, 2016

Nicholas Ceja
Reg. No. 10060-028
FCI Oakdale II
P.O. Box 5010
Oakdale, LA 71463

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Appellant's Brief is in compliance with the limitations imposed by Fed.R.App.Pro. 32 (a) (7). The instant brief consists of 1926 words, exclusive of the table of contents, table of authorities, statement regarding oral argument, and certificates of interested parties, service, and compliance.