U.S.C.A. - 7th Circuit
RECEIVED

JAN 23 2017 #5

GINO J. AGNELLO
CLERK

**UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

NICHOLAS CEJA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondant.

                         /

Case No. 2:15cv-00229-JMS-DKL

Appeal No. \_\_16-3046\_\_

## MOTION TO EXPAND CERTIFICATE OF APPEALABILITY

**NOW COMES,** Nicholas Ceja ("Ceja"), and hereby files his motion to expand his certificate of appealability for the following reasons.

### I. Background

On July 28, 2015, Ceja filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. On May 24, 2016, without holding a hearing the district court denied Ceja's 2255 motion and further denied him a certificate of appealability. [Doc. 23].

Shortly thereafter Ceja filed an application for certificate of appealability with this Court. The motion is currently pending resolution.

### II. Discussion

Pursuant to 28 U.S.C. § 2253, a habeas corpus petitioner may appeal onlt those issues for which a COA has been granted. This Court has held in the past that if a COA is granted as to one issue, but Petitioner later makes a substantial showing of

the denial of a constitutional right as to a different one, it will amend the COA to include the latter claim. See § 2253(c)(2); Ouska v. Cahill-Masching, 246 F.3d 1036, 1045 (7th Cir. 2001). A petitioner makes a "substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented where adequate to deserve encouragement to proceed further." Arrendondo v. Huibregtse, 542 F.3d 1155, 1165 (7th Cir. 2008)(internal quotation marks and citations omitted).

Here, Ceja has made the necessary showing to encourage to proceed further on the issue he raises herein.

### III. Argument

The District Court Misconstrued "Claim 2"
Ceja Raised in His § 2255 Motion which resulted
in the Court's Failure to Address this Claim,
Therefore Violating Ceja's Due Process
Right to be Heard.

**1. The court below abused its discretion when it misconstrued Claim 2.**

Pro se litigants are entitled to liberal construction of their pleadings. See Estelle v. Gamble, 429 U.S. 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Here, when assessing Ceja's § 2255 motion, the court below misconstrued "Claim 2"[1] to

---

[1] Due to a techinical error Claim 3 on page 11 of Ceja's 2255 motion was re-copied and listed as "Claim 2" on page 8.

be a "direct claim [] of error in relation to his sentence," [Doc. 23, p. 11]., and therefore held that Ceja had defaulted his claim as he "did not raise any sentencing errors on direct appeal." Id. This was in fact error.

Although Ceja did, indeed, title Claim 2 as "The Guideline Ca[l]culated for the Purpose of Sentencing Significantly Overstates the Culpability of the Movant and His Role in the Offense," Mot. 2255 at 8., he nonetheless raised it as a claim of ineffective assistance of counsel. See Mot. 2255 at 21 (stating that Ceja "was prejudiced from the unprofessional omissions **of counsel, [as] set forth in Issues 1-4 of the foregoing pleading** because said omissions undermine confidence in the reliability of his...sentencing [] stages of the process.")(emphasis added). Therefore, by misconstruing Claim 2 to be "a direct claim in relation to Ceja's sentence", and failing to adress this claim on the merits, the district court denied Ceja's due process rights to be heard.

Accordingly, the next step would be to turn to the merits Ceja raised in Claim 2 of his 2255 motion.

**2. Claim 2**

In Claim 2 Ceja asserted that counsel was ineffective as he failed to make proper objection and legal arguments when the district court erred by sentencing him to the 10-year mandatory minimum based on the jury's finding "that the conspiracy involved

an amount greater than 500 grams of [] methamphetamine. Id.; see also Sent. Tr. at 4. Specifically, Ceja asserts that counsel should have argued that, in determining a defendant's penalty under 21 U.S.C. § 846, the drug quantity must be reasonably foreseeable to that defendant where the effect of the quantity is to require imposition of a statutory mandatory minimum sentence. See United States v. Young, 997 F.2d 1204, 1209-10 (7th Cir.1993).

In Young, this Court held that the drug quantity that is material to the minimum sentence in a conspiracy case is the amount for which the defendant is substantively accountable under Pinkerton v. United States, 328 U.S. 640, 90 L. Ed. 1489, 66 S. Ct. 1180 (1946) --which is to say, all criminal acts within the scope of the conspiracy and foreseeable to the accused. Here, during sentencing counsel argued that, although the jury found that the overall conspiracy involved more than 500 grams of methamphetamines, nonetheless, however, they were not asked the question of what was reasonably foreseeable by Ceja, and therefore asked the court to sentence Ceja based on the amount of 113.4 grams (4 ounces) he was directly involved with. After hearing arguments from both the government and counsel for Ceja the district court, clearly unpersuaded by the government's argument, asked:

> THE COURT: Right. Do you have any legal authority, Mr. Edgar, that I can disregard the jury's verdict on the overall conspiracy?

MR. EDGAR: No, judge. And I am not asking you to do that today. I know this is sort of convoluted, but my intention is based on appeal.

Id. Not only was counsel ineffective when he failed to provide and cite to Young, but moreover he completely failed to follow up with this argument on appeal as he **intended** to. Had counsel cited to Young in support of his objection the district court would have in fact found that, when determining Ceja's penalty on Count One, the correct mandatory minimum sentence based on the 113.4 grams that was reasonably foreseeable to Ceja was 5 years, not 10 years based on the amount of drugs in the overall conspiracy. Young, 997 F.2d 1204.; also see 21 U.S.C. § 841(b)(1)(B)(viii)(mandatory minimum sentence for 50 grams or more of a mixture of methamphetamine is 5 years). Upon this realization the district court would have calculated Ceja's Guidelines range as follows: base offense level 26 with a criminal history category 1, minus 2 points for minor role (3B1.2), for a total base offense level 24, resulting in a Guidelines range of 51-63 months.

Accordingly, counsel provided ineffective assistance which prejudiced the outcome of Ceja's proceedings.[2]

---

[2] Ceja was further prejudiced by counsel's ineffective, as he was later determined to be ineligible for a reduction in his sentence pursuant to Amendment 782. Id.

## CONCLUSION

For the foregoing reasons, this Court should grant the instant motion by including this claim in Ceja's COA and thereafter find that the court below did in fact misconstrue Claim 2 raised by Ceja in his 2255 motion abd denied him the right to be heard on this claim. The appropriate course would be to return this case to the district court so that it may conduct a more particular analysis of the facts, preferable in the form of an evidentiary hearing that would further aid in a redetermination of the sentence.

Respectfully submitted,

s/ Nicholas Ceja
Nicholas Ceja, pro se
Reg. No. 10060-028
Oakdale F.C.I. P.O. Box 5000
Oakdale, La 71463

Dated: December 22, 2016.

## CERTIFICATE OF SERVICE

On this 22nd day of December 2016, I certify that I mailed a copy of the foregoing to:

United States Court of Appeals
for the Seventh Circuit
219 South Dearborn Street, Room 2722
Chicago, Il 60604

by utilizing the prison's legal mail system, whereas I personally hand delivered the same to an officer in the mailroom, using first-class, pre-paid postage duly affixed to the envelope. The foregoing is true and correct and I declare so under penalty of perjury.

s/Nicholas Ceja
Nicholas Ceja, pro se

2

## Certificate of Service

I, Nicholas Ceja, hereby certify that on this 22nd day of December 2016 I mailed a copy of the foregoing "Motion for Leave to File Motion to Expand COA", to:

> United States Court of Appeals
> for the Seventh Circuit
> Everett McKinley Dirksen United States Courthouse
> 219 South Dearborn Street, Room 2722
> Chicago, Il 60604

by utlizing the prison's legal mail system as where I personally handed such to an officer in the mailroom for forwarding to said address, using first-class, pre-paid postage duly affixed to the envelope. The foregoing is true and correct and I hereby declare the same under penalty of perjury.

> s/Nicholas Ceja
> Nicholas Ceja, pro se
> Reg. No. 10060-028